### WHITAKER v. WHITAKER.
No. 61-C-2281.

Circuit Court, Palm Beach County.

January 25, 1962.

F. Malcolm Cunningham, West Palm Beach, for plaintiff.

George B. Mehlman, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

Plaintiff sues the defendant for divorce and other relief, including an allocation of her alleged equitable share in certain property accumulated by the parties during their married life together. According to the allegations of her complaint, filed December 5, 1961, the parties became married on January 2, 1945, and were divorced on July 30, 1956; at the time of the divorce the plaintiff and defendant were living together as man and wife, and continued to do so until November 1, 1961, when they separated.

At a hearing before the court upon motion to dismiss the complaint, plaintiff testified that the "first and only time" she became married to the defendant was on January 2, 1945, that the parties did not learn of the entry of the 1956 divorce decree until after the time of their recent separation, as set forth above.

Plaintiff contends that the fact that the parties continued to live together in mutual ignorance of a decree of divorce, duly and regularly entered and recorded, caused their relationship to constitute a common law marriage. The court cannot agree with this contention. The parties being divorced, for them to become remarried a new marriage must have been contracted. There is no indication of any agreement between the parties per verba de praesenti to be husband and wife, subsequent to their divorce. The parties' ignorance of their divorce would in itself serve to negate the existence of such an agreement, and the plaintiff's testimony that the parties were married only one time refutes its existence. There being no marriage, it follows that plaintiff is not entitled to maintain a suit for divorce. It may be observed, here, that the divorce decree of 1956 was determinative of the issues between the parties relating to plaintiff's claim to a share of their alleged jointly accumulated property. Upon consideration, it is ordered and decreed that defendant's motion to dismiss the complaint is granted.